**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JERMAINE D. WHITE**                                                          **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:12CV285LRA**

**SHERIFF TYRONE LEWIS, FORMER**
**SHERIFF MALCOLM MCMILLIAN,**
**CAPTAIN MICHAEL IVY; MARY**
**RUSHING and OGDEN WILLBURN**                                      **DEFENDANTS**

---

<u>**MEMORANDUM OPINION AND ORDER**</u>

This conditions of confinement action brought pursuant to 42 U.S.C. §1983 came before the Court on the Defendants' Motion for Summary Judgment [26].  Plaintiff, Jermaine White, was housed at the Hinds County Detention Facility [HCDF] from November 18, 2011, to May 11, 2012. He was housed there as a pretrial detainee until March 2012, when he was convicted of a felony. White alleged in his Complaint that the living conditions during that time were inhumane and violated his constitutional rights.  On October 11, 2012, White appeared before this Court for a hearing to further supplement or clarify his claims.

Defendants have moved for summary judgment on several grounds – the first being failure to exhaust his claims through the grievance procedure available at the Hinds County Detention Facility.  White admits that he failed to submit his complaints through the facility's grievance program.  When questioned about this at the hearing, White testified that he had no personal contact with the Sheriff about his concerns.  "Just only requests.  That's all you can send out.  There ain't no guarantee they will receive the requests, because the requests go to the tower.  And once they see what it is, they probably be like this ain't nothing and tear it up, you know, and don't send it out to where it needs to go."  White said that he was able to get grievance forms, but stated, "But like I say,

once you fill them out and they see what the reason is and the purpose you are filling it out for, nine times out of ten, it ain't going to get to where it's supposed to go."  Later, he said, "You know, like I say, we send requests out, but I guess, you know what I'm saying, it never makes it to where it needed to make it."  In his Response to Defendants' Motion for Summary Judgment, White says, "I admit that I did not complete the Administrative Remedy Program at the Hinds County Detention Facility prior to filing this instant litigation due to the fact of me asking for the ARP and not given one."

An inmate must comply with a facility's grievance procedure before he can bring his conditions of confinement case to court.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Here, White admits that he did not raise his claims through the Inmate Grievance Procedure of the Hinds County Detention Center.  He further alleges that grievance forms were never delivered to the appropriate officials for resolution.  It is not clear from his contradictory statements whether or not grievance forms were actually provided to him.  Where a prisoner alleges that he could not exhaust his administrative remedies because the grievance procedure is inadequate, he may be excused from the exhaustion requirement.  *McDonald v. Cain*, 426 F. App'x 332, 333 (5th Cir. 2011); *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) ("We have recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy.") (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).

The Fifth Circuit has explained the process by which courts may make credibility determinations in ruling on exhaustion.  "  *Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). Exhaustion is a threshold issue, similar to jurisdiction, that should be resolved prior to proceeding

on the merits.  *Id*.  Factual disputes about exhaustion may be resolved by a judge without resort to a jury, and summary judgment is an appropriate vehicle for making that determination.  *Id*. at 272. The familiar standard for the entry of summary judgment comes from Fed. R. Civ. P. 56(a), which requires its entry "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Summary judgment is appropriate "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party "bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

If the prisoner survives summary judgment because factual issues remain concerning exhaustion, the court may resolve the disputed facts by allowing discovery or holding an evidentiary hearing.  *Dillon*, 596 F.3d at 273.  That resolution should occur before reaching the merits of any of the substantive claims.  *Id*.  The Court is of the opinion that additional evidence is necessary to resolve the issue of exhaustion at this time.  Clearly, White has given contradictory statements about the availability of grievance forms, which are a necessary prerequisite to initiating the grievance process.  Defendants, however, have provided no factual support to counter White's allegation that he never received a grievance form or that grievance forms that were submitted never reached the appropriate officials.  Instead, Defendants rely simply on White's admission that he did not exhaust his administrative remedies.  In the absence of evidence that the Hinds County Detention Facility's grievance procedure was actually available to inmates, other than on paper, this Court cannot conclude that there are no genuine issues of fact relevant to whether White should be excused from

3

exhausting his administrative remedies.  In light of this conclusion, the Court is further of the opinion that summary judgment should be denied at this time.

The Court finds that Defendants' Motion for Summary Judgment shall be denied, but without  prejudice.  Pursuant to the Fifth Circuit's directives in *Dillon,* an evidentiary hearing may be conducted by the Court to further explore the defense of exhaustion prior to further consideration of the merits of Stewart's claims.  Or, Defendants may choose to waive their exhaustion defense and move forward on the merits.  An evidentiary hearing will then be conducted on the merits, or  Defendants may elect to refile the motion after the exhaustion issue is resolved.[1]  On or before October 30, 2013, defense counsel shall notify the Court and Plaintiff, in writing, as to how they wish to proceed.

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment [26] is DENIED without prejudice.  Defendants shall file the written report referenced above on or before October 30, 2013.

SO ORDERED, this the 27th day of September 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[1]In reviewing the facts, the Court does note that it has concerns regarding whether or not the merits of the claims could be resolved without benefit of an evidentiary hearing.  Because Plaintiff was a pretrial detainee during the majority of the time he was housed in HCDF, there may be material issues of genuine fact existing involving Plaintiff's conditions of confinement which prevent the Court from entering a judgment at law.