**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JERMAINE D. WHITE, #10647**                                                           **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 3:12CV285-LRA**

**SHERIFF TYRONE LEWIS, ET AL**                                                   **DEFENDANTS**

**ORDER OF DISMISSAL**

When Plaintiff Jermaine D. White filed his Complaint on April 12, 2012, he was housed in the Hinds County Detention Center [HCDC] in Raymond, Mississippi. The last address Plaintiff gave the Court was the Chickasaw County Regional Correctional Facility [CCRCF] in Houston, Mississippi. The address he gave for CCRCF was Pod 4, Bed #41, 120 Lancaster Circle, Houston, MS 38851, and that is still the proper address for that facility. The Court's Order [32] initially setting this case for trial on April 10, 2014, was not returned, and the Court must presume Plaintiff received the Order. The Court's May 8, 2014, Order [36], resetting the trial for July 1, 2014, was returned as undeliverable on May 28, 2014 [38]. It was marked as "Not deliverable as addressed, Unable to forward." Plaintiff has not contacted the Court to provide a current address for himself. Although the current trial setting is July 1, 2014, Plaintiff did not receive the Order which set the trial. It cannot be reset without Plaintiff's address.

Defendants filed a Motion to Dismiss Without Prejudice [39] on May 29, 2014, requesting the Court to dismiss this case based upon Plaintiff's failure to prosecute his claims by failing to keep the Court and Defendants advised of his proper address.

Plaintiff has not responded to the motion, and defense counsel has informed the Court that the copy of the motion mailed to Plaintiff was returned without being delivered.

White filed this civil case, and it was his responsibility to prosecute his claims. In the Court's Order [3], filed April 25, 2012, he was warned of his responsibility and cautioned that his "...[f]ailure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the case being dismissed sua sponte, without prejudice, without further written notice." Therefore, he was aware that it was his responsibility to inform the Court of any address changes and to abide by the Court's orders.

>Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

>>(b) **Involuntary Dismissal; Effect.**  If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

>(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority.  *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.

Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

The Mississippi Department of Corrections [MDOC] website no longer shows that Jermaine D. White is an inmate with MDOC. He has obviously been released, but it is still his responsibility to let the Court know of any address change. Whether or not a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in White's case supports such a finding. He obviously lost interest in pursuing this lawsuit after his release, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [39] is **granted,** and this cause of action is dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

IT IS FURTHER ORDERED that the July 1, 2014, trial setting is cancelled, and the writ of habeas corpus *ad testificandum* [37] issued for White is withdrawn and cancelled.

IT IS FURTHER ORDERED that the Clerk of the Court shall close the docket in this case.  It may or may not be reopened by further Order of the Court if Plaintiff provides a current address on or before **July 25, 2014,** and files a motion showing good cause for why his case should be reopened.  If no motion is filed by that date, and a current address provided, Final Judgment shall be entered without further notice.

SO ORDERED, this the 16th day of June 2014.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE